# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST VENTURES, LLC, a Utah Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KBA ASSETS AND ACQUISITIONS, LLC, a Nevada Corporation; BEN PENFIELD, an individual; ASSET PLACEMENT LIMITED a UK Corporation; SUSAN GEORGINA GILLIS, an individual; PAUL WINDWOOD, an individual; BANK OF AMERICA, N.A., a national banking association; and DOES 1 through 50,<br><br>　　　　　　　Defendants. | Case No. 1:12-CV-1058-LJO-SMS<br><br>INFORMATIONAL ORDER RE: DECEMBER 4, 2013 INFORMAL STATUS CONFERENCE |

On December 4, 2013, an informal status conference was held, in chambers and off the record, before Magistrate Judge Sandra M. Snyder. Douglas Dollinger appeared telephonically for Plaintiff. Alonzo J. Gradford was present for Defendants KBA Assets and Acquisitions, LLC, a Nevada Corporation, and Ben Penfield, an individual.

Two matters were scheduled to be heard, the Initial Scheduling Conference and a motion to quash. The Court vacated both matters. Though mindful that the complaint was filed in June, 2012, the Court found that the case remains extremely disorganized and that a useful scheduling order cannot be crafted until a number of issues have been clarified. The Court therefore issues the following guidance:

(1) Alonzo Gradford's status as counsel is unclear from the record. The Court ORDERS Gradford to file a notice of appearance no later than Monday, December 9.

(2) Although there was previously some confusion as to whether Defendants Gillis and Windwood were represented in this case (see docs. 18, 20, 23, 47), Dollinger in July, 2013, clarified that he represented Defendants APL, Gillis, and Windwood. See Doc. 55. The Court at that time granted Dollinger's request to be substituted as counsel for Plaintiff, based on his representation that his clients would promptly file a notice of settlement and that conflicts had been waived appropriately. Docs. 55, 56. This notice of settlement has not yet been filed. The Court ORDERS that the notice of settlement be filed on or before December 20, 2013.

(3) Plaintiff indicated that it intends to move to amend the complaint, including naming new defendants. The Court ORDERS Plaintiff to file its motion to amend on or before December 30, 2013.

(4) Plaintiff expressed concern that the existing restraining order was unsettled. The Court is not aware of any intervening event that would have caused this order to no longer be in effect. See Doc. 19:

> "The defendants and all persons acting in concert or participating with them are RESTRAINED and ENJOINED from directly or indirectly: a. Transferring, selling, disposing of, encumbering, altering, concealing, or removing from the jurisdiction of this Court the Bond (collateralized mortgage obligation CUSIP #617453AA3); b. Transferring, selling, disposing of, encumbering, altering, concealing, or removing from the jurisdiction of this Court the monthly coupon payments from the Bond; and c. Transferring, selling, disposing of, encumbering, altering, concealing, or removing from the jurisdiction of this Court any assets purchased with the monthly coupon payments from the Bond."

(5) Defendants filed their motion to quash without complying with the meet-and-confer requirement of Local Rule 251. Plaintiff, in turn, failed to oppose the motion. The Court asked whether Plaintiff was prepared to withdraw its subpoena. Plaintiff replied that it in fact had already been sent the documents in question. Plaintiff instead stipulated to an ORDER to not view, use, or share these documents and to convey this same admonishment to colleagues who may also have seen or accessed these documents.

/ / /

/ / /

(6) The Court will set a new initial scheduling conference after it has reviewed the notice of settlement, the motion to amend the complaint, and (should a meet-and-confer not resolve these matters) any objections by defendants.

IT IS SO ORDERED.

DATED: 12/6/2013                                       /s/ SANDRA M. SNYDER
                                                      UNITED STATES MAGISTRATE JUDGE