# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST VENTURES, LLC, a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KBA ASSETS AND ACQUISITIONS, LLC, a Nevada Corporation; BEN PENFIELD, an individual; ASSET PLACEMENT LIMITED a UK Corporation; SUSAN GEORGINA GILLIS, an individual; PAUL WINDWOOD, an individual, BANK OF AMERICA, N.A., a national banking association and DOES 1 through 50,<br><br>Defendants. | Case No. 1:12-cv-1058 LJO SMS<br><br>ORDER RE: PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME IN WHICH TO FILE A MOTION TO AMEND THE COMPLAINT<br><br>(Doc. 77) |

On December 4, 2013, the parties participated in an off-the-record telephonic conference, memorialized in an order dated December 6. Docs. 72, 73. As relevant here, the order stated: "Plaintiff intends to move to amend the complaint, including by naming new defendants. The Court ORDERS Plaintiff to do so by December 30, 2013." The minute order stated likewise. *Id*.

On December 30, 2013, Plaintiff moved for an extension of time through January 29, 2014. This is styled as a motion for extension "of time to file an amended complaint." The extension is sought because "Plaintiff's Counsel is engaged in active negotiations with defense counsel for Defendants KBA Assets and Acquisitions and Ben Penfield wherein Defense counsel has indicated a desire on the part of KBA and Penfield to resolve the matter in a cooperative effort so as to return

1

Plaintiff's property to them;" the new date of January 29, 2014 is requested "in the event the matter does not settle." It is explained that "Defense Counsel does not oppose the motion for an enlargement of time as requested but was unable to consent to the motion without consulting with his client and has not yet provided the consent as requested."

On January 6, 2014, Defendant opposed this motion. Defendant's counsel's declaration was not necessarily inconsistent with Plaintiff's representations, but added that "My client(s) does not agree to an extension of time for the filing of an amended complaint or the request to do so."

Because Plaintiff has misapprehended the nature of the document that the Court is expecting, the Court will grant one extension, through February 7, 2014.  To clarify, if Plaintiff wishes to amend the complaint, Plaintiff must first file a *motion* to amend. *See* FRCP 15 (if more than 21 days after service, amendment requires "the opposing party's written consent or the court's leave"). Although courts should freely give leave when justice requires, a variety of reasons may be sufficient to deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing four basic factors: bad faith; undue delay; prejudice to the opposing party; and futility of amendment). The Court also understands that Plaintiff desires to bring in additional parties, and so observes that amendments seeking to add claims are granted more freely than amendments seeking to add new parties. *Union Pac. R. v. Nev. Power Co.,* 950 F.2d 1429, 1432 (9th Cir. 1991). To anticipate only one of the possible issues that may arise from bringing in new parties, the existing Defendants may desire to bring back into the case those defendants whom Plaintiffs recently dismissed after coming to a settlement. Among other issues, this could upset the waivers of privilege that Dollinger entered into with his former clients.

Separately, the Court notes that Plaintiff has also misapprehended the Court's request for a "notice of settlement." Technically, by disclosing the settlement in July and then filing a motion to dismiss in December, Plaintiff has complied with the literal requirements of EDCA Local Rule 160 regarding settlements. In this case, however, the Court's purpose was to obtain some additional verification of the grounds upon which the Court granted the change of counsel and the dismissal of Defendants—these being the statements that Gillis and Windwood had previously been represented

by Dollinger, that these defendants entered into written privilege waivers, and that they at some point entered into a settlement with Plaintiffs. Doc. 55.

Therefore, by Wednesday, January 22, 2014, Attorney Dollinger shall file appropriate documentation of these three issues. If necessary to protect privileged material, the filings may be made under seal (FRCP 5.2, LR 141). In addition, Plaintiff's request for an extension of time to file a motion for leave of court to file an amended complaint is GRANTED with a deadline of February 7, 2014.

IT IS SO ORDERED.

Dated:   **January 9, 2014**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE