# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST VENTURES, LLC, a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KBA ASSETS AND ACQUISITIONS, LLC, a Nevada Corporation, *et al.*<br><br>Defendants. | Case No. 1:12-cv-1058 LJO SMS<br><br>ORDER GRANTING MOTION TO FILE A FIRST AMENDED COMPLAINT<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME AS MOOT<br><br>(Docs. 81, 84) |

Before the Court is the motion to file a First Amended Complaint by Plaintiff ST Ventures and by putative Plaintiff Worldwide Investments Inc., a California company. For the reasons that follow, the motion is GRANTED.

**PROCEDURAL HISTORY**

On December 4, 2013, the parties participated in an off-the-record telephonic conference. Docs. 72, 73. The Court emphasized that this litigation is already woefully disorganized and behind schedule. The Court issued orders to assist the parties in getting the litigation back on track, setting deadlines based on the attorneys' representations of their availability. Plaintiff's Attorney Dollinger desired to amend the complaint, and the Court set a deadline of December 30, 2013, based on Dollinger's representation that he could meet this deadline.

On December 30, 2013, Plaintiff moved for an extension of time through January 29, 2014. This was styled as a motion for extension "of time to file an amended complaint." Noting that Plaintiff had misapprehended its order (and Rule 15) which required the filing to be in the form of a

1

motion, the Court ordered that it "will grant one extension, through February 7, 2014" for Plaintiff to move to amend the complaint. Doc. 79. In addition, the Court ordered Attorney Dollinger to file certain documentation regarding his former clients no later than January 22, 2014. *Id*.

Dollinger provided the documentation on February 3, 2014. By declaration, he explained that due to a clerical error, he did not see the Court's order until "on or about mid last week" (by the Court's calculation, on or about January 29).

The motion to amend was also filed late, on February 8, 2014 (one day late). The motion was not accompanied by any explanation for the late filing.[1] On February 26, 2014, Defendants KBA and Ben Penfield objected to the motion and moved to strike it. The sole grounds for objection were undue delay and violation of the Court's deadlines. Doc. 82.

On March 6, 2014, Plaintiff filed a reply. Doc. 83. Dollinger's office manager explained by declaration that the late filing was due to a technical problem on her computer. Doc. 83-1. Plaintiff has filed a separate motion for a one-day, retroactive extension of time. Doc. 84.

**LATE FILING**

Plaintiff's two late filings are facially minor and have reasonable explanations, and the Court will not dismiss the motion on this basis. Nevertheless, Plaintiff is reminded of the importance of Court-ordered deadlines. Such deadlines are particularly important in this case, which has fallen behind schedule and in which the Court has attempted to assist the parties in bringing the litigation back on track. In the future, failure to comply with the Rules or with an order of the Court may be grounds for imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110.

**MOTION TO AMEND**

The proposed amendments are substantial. A new Plaintiff would be added: WORLDWIDE INVESTMENTS, INC., a California Corporation. Four new individual Defendants would be added: JETHALYN N. PENFIELD, AJ BERRONES; FRANK WILDE, and MAUREEN WILDE. And a variety of organizations would also be added as Defendants: VIEWPOINT SECURITIES

---

[1] Separately, the motion was accompanied by what purports to be a "Declaration" of Dollinger but which in fact consists of argument and is not based on personal knowledge. The same is true of the Declaration accompanying Plaintiff's Reply.

2

("Viewpoint"), UBS FINANCIAL SERVICES INC. ("UBS"), ROYAL BANK OF CANADA ("RBC"), DEPOSITORY TRUST AND CLEARING COMPANY ("DTCC"), BROWN BROTHERS HARRIMAN & CO. ("BRH&C"), FALCON PRIVATE BANK of ZURICH ("Falcon"), and SETH LAYTON ("Layton"), as well as Does.

Four newly-added counts I, II, III, and V [sic] are for violations of RICO, 18 U.S.C. §§1962(a)-(d), respectively. The remaining ten Counts (denominated VI, VII, XI, XIII, XIV, XVIII, XIX, XX, XXI, and XXII [sic]), under California law, are for fraud, misrepresentation, unjust enrichment/restitution, tortious interference with contract, civil conspiracy, negligence/gross negligence, conversion/larceny, constructive trust, appointment of referee injunctive relief, and accounting.

Rule 15(a)(2) of the Federal Rules of Civil Procedure allows amendment of pleadings with leave of court "when justice so requires." Although courts should freely give leave when justice requires, a variety of reasons may be sufficient to deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The *Foman* factors commonly considered are: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; and 4) futility of amendment. *Id*. Amendments seeking to add claims are granted more freely than amendments seeking to add new parties. *Union Pac. R. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

Here, there are no issues of undue delay or of bad faith. No discovery has yet been had, nor has the scheduling report been prepared. The amendment is not apparently futile, and prejudice to Defendants is not a decisive factor. The Court therefore grants the motion to amend in the interest of justice.

**CONCLUSION AND ORDER**

1. The motion to amend (Doc. 81) is GRANTED.
2. Within five (5) days of this order, Plaintiffs shall file the First Amended Complaint with the Clerk's office. The filed document shall be identical to the "Proposed" amended complaint reviewed by this Court, except that Plaintiffs shall revise the numbering of the claims to be consecutive.

3. Within seven (7) days of this order, a notice of appearance shall be filed by counsel for putative Plaintiff Worldwide Investments Inc.

4. Each defendant shall file an answer within fourteen (14) days of being served a summons and FAC.

5. Plaintiff's motion for an extension (doc. 84) is denied as moot.

IT IS SO ORDERED.

Dated:   **March 19, 2014**            **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE