UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST VENTURES, a Utah Corporation, and WORLDWIDE INVESTMENT, INC, a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BEN M. PENFIELD, an individual, *et al.*,<br><br>Defendants. | 1:12-cv-01058 LJO SMS<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANTS BEN M. PENFIELD'S AND KBA ASSETS AND ACQUISITIONS LLC'S MOTION TO DISMISS (Doc. 127) |

## I. BACKGROUND OF THE CASE

On June 27, 2012, Plaintiff St. Ventures, LLC ("St. Ventures") filed suit against defendants KBA Assets and Acquisitions, LLC ("KBA"), Ben Penfield ("Mr. Penfield"), Asset Placement Limited, ("APL"), Susan Gillis ("Ms. Gillis"), Paul Windwood ("Mr. Windwood"), and nominal defendant Bank of America, N.A. ("Bank of America"). The gravamen of St. Venture's complaint was that defendants obtained a bond owned by St. Ventures through fraudulent means. At a status conference held on December 4, 2013, seventeen months later, the magistrate judge found the case to be "extremely disorganized" and postponed setting a scheduling conference pending submission of Plaintiff's motion to amend its complaint, due December 30, 2014. Informational Order, Doc. 73. On that day, Plaintiff

1

moved for an extension of time. Order Granting Mot. to File a First Am. Compl. ("March 2014 Order"), Doc. 86. The Court granted this request, setting a new due date of February 7, 2014. *Id.* The motion to amend was late filed, along with other documents requested by the Court. *Id.* Nevertheless, the Court granted Plaintiff's motion, ordering Plaintiff to file an amended Complaint "identical" to the proposed amended complaint the Court had reviewed. *Id.* Plaintiff timely filed its First Amended Verified Complaint ("FAVC") on March 24, 2014. Doc. 87. The FAVC added Worldwide Investing, Inc. as a plaintiff. *Id.*

On October 10, 2014 Defendant Brown Brothers Harriman (BBH) moved to dismiss or strike the FAVC on the basis that it did not comply with the proposed amended Complaint, as Ordered by the Court. Doc. 98. Plaintiff failed to timely file an Opposition. Minute Order 99. Nevertheless, the Court granted the parties' stipulation allowing Plaintiff leave to late file. Doc. 103. Plaintiff's counsel ultimately conceded that the FAVC did not comply with the magistrate judge's order and was defective in other respects, and announced that it intended to file another motion to amend. Decl. of Douglas R. Dollinger in Resp. to Mot. to Dismiss, Doc. 105-1. In light of Plaintiffs' admission, the Court granted BBH's motion to strike and granted Plaintiff leave to amend once again "in a manner consistent with the Court's March 19, 2014 Order." ("December 2014 Order"), Doc. 108. Plaintiff filed his Second Amended Complaint (SAC) on February 12, 2015. Doc. 116.

On May 11, 2015 Defendants KBA Assets' and Ben Penfield's moved to dismiss and or strike the SAC, primarily on the basis that this version of the Complaint (still) does not conform to the March 2014 Order. ("MTD"), Doc. 127. Defendants move for involuntary dismissal pursuant to Rule 41 and for monetary sanctions under Rule 11. *Id.* at 3. In the alternative, KBA moves to dismiss under Rule 12(b)(6) on the basis that Plaintiff fails to state a plausible claim, and that the parties do not have capacity to sue under Rule 17(b). *Id.* at 4-5. After receiving an extension of time to respond, Doc. 132, Plaintiff filed its Opposition on June 17, 2015. ("Opposition"), Doc. 133. KBA replied on June 22, 2015. ("Reply"), Doc. 139.

## II. STANDARD OF DECISION

"Rule 41 allows a defendant to move to dismiss an action if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Before a district court may involuntarily dismiss a case under Rule 41, it must find that the case meets four out of the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal quotations omitted). Alternatively, a court may dismiss a case where three factors "strongly" support dismissal. *Id.*

### III. ANALYSIS

Defendants argue that this case should be dismissed under Rule 41(b) because Plaintiffs have failed repeatedly to comply with the March 2014 Order. MTD at 3. In support of this argument, Defendants identify a large number of consistencies between the proposed amended complaint and the SAC. *Id.* at 9-12 & MTD Ex. A, Doc. 127-3. Plaintiffs argue that since they first proposed amending the complaint, they have discovered facts that made these changes necessary. Opposition at 13.

This Court finds Plaintiffs' reasoning faulty. Plaintiffs were granted narrow leave to amend their original complaint because of the "extremely disorganized" nature of its case. Doc. 86 ("March 2014 Order"). Counsel for Plaintiffs represented to this course that the reason that the their last version did not comply with the March 2014 Order was mostly "inadvertence." Doc. 105-1 at 2. However, Counsel also indicated that he intended to seek leave to amend certain some claims to address certain defects. *Id.* at 3 After considering these arguments, this Court ordered the Plaintiff to file an amended complaint that was "consistent with the Court's March 19, 2014 Order." December 2014 Order. This approach was necessary to bring some organization to the Court's docket, in light of Plaintiffs' inability to articulate its own claims.

Plaintiffs argue that compliance with this Order would have "forced" them to "continue pleading facts which were determined not to be as believed." Opposition at 13. Plaintiffs misunderstand the rules that govern this Court's procedures. Rule 15 provides that a party may amend its pleading "only with the

opposing party's written consent or the court's leave more than 21 days later than initial service. Fed. R. Civ. P. 15(a)(2). Just as Plaintiffs sought leave to amend their pleadings in the first place, Doc. 81, Plaintiffs should have sought leave to amend the FAVC rather than ignoring this Court's Order. Plaintiffs, however, failed to do so. Thus, this Court must consider whether it should dismiss its case under Rule 41.

### A. Public Interest in Expeditious Resolution

The Ninth Circuit has recognized that the first Rule 41 factor, the public's interest in expeditious resolution of litigation, generally favors dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This is especially evident in this case, where Plaintiffs have received numerous extensions on deadlines to file motions and pleadings and serve defendants. Further, this Court has made it clear that it maintains a busy docket and does not have the resources to instruct counsel how to draft pleadings repeatedly. Docs. 46 & 108. This factor weighs heavily against Plaintiffs.

### B. Court's Need to Manage Docket

For reasons similar to those discussed above, this Court's need to manage its own docket weighs in favor of dismissal as well. This case was filed *more than three years ago*. Yet, the Court had to vacate the only scheduling conference attempted (more than a year later) due to the "very disorganized" nature of the case. Minute Order 72. The various extensions Plaintiffs have received to comply with Court orders and federal procedural rules have foreclosed the Court from setting the date for another; thus drawing out this litigation beyond what the Court can manage. Thus, this factor weighs against Plaintiffs as well.

### C. Risk of Prejudice to the Defendants

In determining whether a defendant has been prejudiced, a court must examine "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). This factor has been found to weigh in favor of dismissal where a party has decided at the last minute not to comply with a pretrial order, *id.,* willfully violated a discovery order, *North American Watch Corp. v. Princess*

*Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir.1986), or "continue[d] to disregard deadlines, warnings, and schedules set by the district court," *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). This Court finds Plaintiffs disregard for the Court's orders and prior warnings sufficient to weigh in favor of dismissal. Moreover, Plaintiffs have caused delay on several occasions. Its failure to amend its claims through the proper procedures is only the latest. This Court finds Plaintiff's failure to articulate its claims *after more than three years* is unreasonable. In the Ninth Circuit, unreasonable delay creates a rebuttable presumption of injury. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). Thus, the Court concludes that Plaintiffs' inability or unwillingness to follow this Court's orders and comply with the Federal Rules of Civil Procedure, along with the delays Plaintiffs have caused, interferes with this Court's ability to rightfully decide this case. This factor weighs in favor of dismissal.

**D.  Public Policy Favoring Disposition of Cases on their Merits**

Considerations of public policy generally favor the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Defendants do not provide any reason why this is not the case here; thus the Court finds this factor weighs against dismissal.

**E.  Availability of Less Drastic Alternatives**

Plaintiffs to do not dispute that their Second Amended Complaint, again, fails to comply with the March 2014 Order. Opposition at 14. Nor do Plaintiffs dispute that their previous Complaint was dismissed as non-compliant or that this Court has already given them an opportunity to demonstrate that they are capable of complying with the March 2014 Order. *See* Doc. 108. Rather, Plaintiffs attempt to justify their non-compliance by arguing that the new and changed allegations contained in the SAC are permissible under Rule 15, because they relate back to their original filings. *Id.* This argument demonstrates that Plaintiffs are either unwilling or unable to follow this Court's orders. Since the less drastic alternative of allowing Plaintiffs leave to amend has already been attempted, this factor weighs against Plaintiffs.

With four factors weighing against Plaintiff, this Court concludes that this case should be dismissed. While this is a dire remedy, the Plaintiffs have been warned that this court "does not have the

resources to review and write extensive orders on how to write, rewrite and submit pleadings, nor to conduct a course in how to follow Court orders." Doc. 106. The warning was ignored and this is an appropriate remedy for ignoring the Court's order. Their previous opportunity to amend was their last.

### IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b), Doc. 127. This case is dismissed with prejudice.


IT IS SO ORDERED.

    Dated: **July 24, 2015**            /s/ **Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE