## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ST VENTURES, a Utah Corporation, and WORLDWIDE INVESTMENT, INC, a California Corporation,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**BEN M. PENFIELD, an individual, *et al*.,**<br><br>**Defendants.** | 1:12-cv-01058 LJO SMS<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER (Doc. 153)** |

## I. BACKGROUND OF THE CASE

On June 27, 2012, Plaintiff St. Ventures, LLC ("St. Ventures") filed suit against Defendants KBA Assets and Acquisitions, LLC ("KBA"), Ben Penfield ("Mr. Penfield"), Asset Placement Limited, Susan Gillis, Paul Windwood, and nominal defendant Bank of America, N.A. The gravamen of St. Venture's complaint was that Defendants obtained a bond owned by St. Ventures through fraudulent means. At a status conference held on December 4, 2013, seventeen months later, the magistrate judge found the case to be "extremely disorganized" and postponed setting a scheduling conference pending submission of Plaintiff's motion to amend its complaint, due December 30, 2013. Informational Order, Doc. 73. On that day, Plaintiff moved for an extension of time. Order Granting Mot. to File a First Am. Compl. ("March 2014 Order"), Doc. 86. The Court granted this request, setting a new due date of February 7, 2014. *Id.* The motion to amend was late filed, along with other documents requested by the Court. *Id.* Nevertheless, the Court granted Plaintiff's motion, ordering Plaintiff to file an amended Complaint "identical" to the proposed amended complaint the Court had reviewed. *Id.* Plaintiff timely filed its First Amended Verified Complaint ("FAVC") on March 24, 2014. Doc. 87. The FAVC added

Worldwide Investing, Inc. as a plaintiff. *Id.*

On October 10, 2014 Defendant Brown Brothers Harriman (BBH) moved to dismiss or strike the FAVC on the basis that it did not comply with the proposed amended Complaint, as ordered by the Court. Doc. 98. Plaintiffs failed to file a timely opposition. Minute Order 99. Nevertheless, the Court granted the parties' stipulation allowing Plaintiffs leave to late file. Doc. 103. Plaintiffs' counsel ultimately conceded that the FAVC did not comply with the magistrate judge's order and was defective in other respects, and announced that it intended to file another motion to amend. Decl. of Douglas R. Dollinger in Resp. to Mot. to Dismiss, Doc. 105-1. In light of Plaintiffs' admission, the Court granted BBH's motion to strike and granted Plaintiff leave to amend once again "in a manner consistent with the Court's March 19, 2014 Order." ("December 2014 Order"), Doc. 108. Plaintiffs filed their Second Amended Complaint (SAC) on February 12, 2015. Doc. 116.

On May 11, 2015 Defendants KBA Assets and Ben Penfield moved to dismiss the SAC pursuant to Rule 41, on the basis that the SAC (still) did not conform to the March 2014 Order. Doc. 127. After receiving an extension of time to respond, Doc. 132, Plaintiff filed its Opposition on June 17, 2015. Doc. 133. KBA replied on June 22, 2015. Doc. 139.

On July 27, 2015, this Court granted Defendants' motion for involuntary dismissal based on Plaintiffs' continued inability to comply with the Orders of this Court and the Federal Rules of Civil Procedure. "July 2015 Order", Doc. 151. Now before the Court is Plaintiffs' motion to reconsider the July 2015 Order pursuant to Rule 59(e). Pls.' Notice of Mot. to Reconsider, Doc. 153.

## II. STANDARD OF DECISION

Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted). There are four basic

2

grounds upon which the courts have granted a motion for reconsideration under Rule 59(e):

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests;
> (2) if such motion is necessary to present newly discovered or previously unavailable evidence;
> (3) if such motion is necessary to prevent manifest injustice; or
> (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Insurance Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc*., 229 F.3d at 890 (emphasis in original).

### III. ANALYSIS

Counsel for Plaintiffs argues that the July 2015 Order should be amended "to correct inadvertent legal error so as to prevent future manifest injustice." Decl. of Att'y Douglas R. Dollinger in Supp. of Pls.' Mot. for Recons. ("Dollinger Decl."), Doc. 153-1, 4. In essence, Plaintiffs' Counsel contends that this Court should have been on notice that its earlier motion for an extension of time was actually a request to amend. *Id.* at 5. The Court finds this argument disingenuous. The motion to which Plaintiffs refer is captioned "Plaintiffs' Notice of Motion to Extend Their Time to Amend Pursuant to Fed. R. Civ. 6(b) and Local Rule 144(e)." Doc. 112. Both of these rules pertain to motions seeking to extend and shorten times. Accompanying this document was a proposed order that stated "it is Ordered that the Plaintiff's [*sic*] time to file an amended complaint in this matter is extended to a date the date [*sic*] of February 12, 2015." Doc. 112-3. There appears to have been no basis for considering such a motion as a Rule 15 motion to amend. In fact, the magistrate's order stated that it read Plaintiffs' motion as an "ex parte motion for an extension of time to file an amended complaint in compliance with the Court's March 19, 2014 order (Doc. 86), as directed by the Court in its December 12, 2014 order . . ." Doc. 115. Only on this basis was the motion granted. *Id.* Counsel's belief that he had filed for (much less received) leave to amend under Rule 15 is unfounded.

Counsel also re-argues that his failure to seek leave to amend should be excused because he

3

discovered facts after the March and December 2014 Orders were issued. Dollinger Decl. at 5-6. As discussed in the July 2015 Order, Plaintiffs were granted limited leave to amend their original complaint so that the Court could bring some order to the docket of their "extremely disorganized" case. This Court is extremely busy and does not have the resources to instruct Counsel repeatedly as to how to follow court orders and the Federal Rules of Civil Procedure. Therefore, dismissal under Rule 41 is an appropriate remedy.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES Plaintiff's motion for reconsideration, Doc. 153. The clerk is instructed to take the hearing on this motion, set for September 9, 2015, off calendar and close this case.

IT IS SO ORDERED.

Dated:   **August 10, 2015**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE